UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYESHA ISOM, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No. 1:22-cv-03388 (UNA) |
| v. | ) |
| | ) |
| ADAM MCGOUGH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, a resident of Denton, Texas, sues the "Deputy Mayor of Dallas Sports," the United States Secretary of State, a United States State Department official, a United States Representative, a United States Senator, a former Mexican government official, and finally, NFL quarterback, Rayne Dak Prescott. The complaint is incomprehensible. Plaintiff alleges that she, and perhaps others, have been subject to a dangerous wide-scale conspiracy by use of artificial intelligence, prompted by her pregnancy by Mr. Prescott. She cites only to 31 CFR § 328.8, which

does not give rise to a private cause of action, and bears no connection to the stated allegations, and she demands both monetary and equitable relief.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard.

Consequently, the complaint is dismissed. A separate order accompanies this memorandum opinion.

*/s/ Amy B Jackson*
AMY BERMAN JACKSON
United States District Judge

Date: December 13, 2022